**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTHUR SLAVEN, JOHN MCLINDEN and LAURENCE ASHKIN, | ) ) ) | |
| **Plaintiffs,** | ) ) | No. 13 C 1370 |
| v. | ) ) | Judge Norgle |
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) ) | Magistrate Judge Cole |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The history of the parties' voluminous motions and exhibits proves the wisdom of Fed.R.Civ.P. 37(a)(1) and Local Rule 37.2's requirement that before a discovery motion can be filed, the parties must make a good faith effort to resolve their dispute.[1] The purpose of both rules is "[t]o curtail undue delay and expense in the administration of justice." The Rule ultimately rests on what Holmes called the shortness of life and the reality that there is a never ending procession of cases that compete for judicial attention. Each hour *needlessly* spent on a dispute is an hour squandered. *See Chicago Observer, Inc. v. City of Chicago,* 929 F.2d 325, 329 (7th Cir.1991) ("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial

---

[1] Local Rule 37.2 provides:

this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

attention.").[2]

If the parties can resolve an issue on their own, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. To that end, Local Rule 37.2 explicitly requires that the parties meet either face-to-face or on the phone. Letters therefore don't suffice. *Cf. United States v. Dorfman*, 690 f.2d 1230, 1232 (7th Cir. 1982)(Posner, J.)(by permitting certain conduct, the legislature intended "that what is not permitted is forbidden.").

The Rule also explicitly requires a "statement" – Rule 37 of the Federal Rules of Civil Procedure calls it a "certification" – of the parties' efforts. Neither side has complied with these rules. District courts, however, may demand strict compliance with Local Rules, *Herzog v. Graphic Packaging Intern., Inc.*, 742 F.3d 802, 805 (7th Cir. 2014), and, of course, are without authority to excuse deviations from the Federal Rules of Civil Procedure. If ever there were a case in which a court should demand compliance with its Local Rules, this is the case.

The defendant, Great American Insurance Company ("GAIC") filed a motion for a protective order, charging plaintiffs with pursuing "improper discovery" and sought a protective order that allowed it to withhold from discovery every document listed on its privilege log. [Dkt. #44]. Plaintiffs responded with not one, but two, motions to compel [Dkt. #47, 50] – motions the plaintiffs called "companion motions" – even though "[b]oth motions concern the same subject matter." [Dkt. #47, 50].

Making things a bit more unwieldy, one motion incorporated the other motion's discussion and arguments [Dkt. #47] by reference. [Dkt. #50, at 2]. While purportedly designed to avoid

---

[2] This is a problem that the Seventh Circuit has repeatedly adverted to. *See, e.g., Otto v. Variable Annuity Life Ins. Co.,* 134 F.3d 841, 854 (7th Cir.1998); *Channell v. Citicorp Nat. Services, Inc.,* 89 F.3d 379, 386 (7th Cir.1996); *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987).

repetition, this technique simply compounded the difficult of keeping things straight and, moreover, resulted in a violation of Local Rule 7.1's 15-page limitation. *See Miller UK Ltd. v. Caterpillar, Inc.*, 292 F.R.D. 590, 591-92 (N.D.Ill. 2013). Then the plaintiffs filed a motion to remove an exhibit from the motion to compel docketed Dkt. #50 [Dkt. #55], and then a supplement to that motion to compel. [Dkt. #61]. GAIC then filed responses to the so-called companion motions. [Dkt. #62, 63]. Plaintiffs piled on with a response to GAIC's motion for a protective order [Dkt. #64], and then filed a "Combined" "Reply in Support of Their Motions to Compel." [Dkt. #69].

The manner in which the parties have chosen to present the issues has made it difficult to distill what documents are still at issue. After all, they have filed over 100 pages of briefs and over 720 pages of exhibits, containing multiple and changing privilege logs. The parties' presentation most certainly has not comported with the Seventh Circuit's admonition that "an advocate's job is to make it easy for the court to rule in his client's favor . . . ." *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613 (7th Cir. 2006). But the dispute would appear to be nothing more than the run-of-the-mill privilege and work product fare that comes up in nearly every case involving denial of insurance coverage: were documents created in anticipation of litigation or just in the course of regular business, and do documents reveal legal or just business advice?

This brings us back to Rule 37(a)(1) and Local Rule 37.2. Despite their insistence to the contrary, the parties have not followed those rules – especially GAIC. As briefing –and sniping– has progressed, GAIC has had some epiphanies and, little by little, has decided that fewer and fewer of the documents at issue are privileged after all. It has essentially conceded, over the course of just six weeks since it filed its motion charging plaintiffs with "improper discovery," that *it* erroneously asserted the privilege/work product protection as to 28 of the 84 documents it originally withheld

3

from discovery. At least, that's as of August 1st [Dkt. # 69]. While GAIC is to be commended for its willingness to reassess its position and to adjust it as necessary, had there been compliance with Rule 37 and Local Rule 37.2, perhaps that reassessment would have occurred earlier and perhaps it might have resulted in an even more generous concession than has been made.

Both Rule 37(a)(1) and Local Rule 37.2 require that parties confer *in good faith* over discovery squabbles before approaching the court with a motion. GAIC certified that it did, but wrongfully asserted the privilege as to a boxcar number like 33.3% of the documents, which suggests otherwise.

Plaintiffs have not complied with these rules either. When they filed their "companion" motions, they simply stated, in one "companion motion" that they had "been unable to reach an accord with GAIC notwithstanding their good faith efforts to resolve such differences." (Dkt. # 47, at 6). In the other "companion motion," plaintiffs indicated that they had written letters to GAIC. (Dkt. #50, at 2-3, Exs. G, H). Yet, Local Rule 37.2 very plainly requires that counsel for the parties consult in person or by telephone. The command in the rule could not be more explicit. Emails and letters are not enough under Rule 37.2. *O'Toole v. Sears, Roebuck and Co.* 2014 WL 884776, 1 (N.D.Ill. 2014).

There are sound reasons why what plaintiffs call a "meet-and-confer letter" is not authorized by Local Rule 37.2. Anyone can write a letter. But that does not mean that the recipient will fairly consider the letter before dashing off one of his own that does little more than persist in setting forth his partisan point of view. The letters and the emails that one all too often see do little more than articulate the parties' polar positions with the clash of pretending absolutes left unresolved. Local Rule 37.2 is based on the teaching of long experience that face-to-face discussions are far more likely

to result in compromise and agreement than is an exchange of letters that are all too easy to brush aside. In this case, as a consequence of the parties' noncompliance with Local Rule 37.2, the documents over which there is a genuine and unresolvable dispute is unclear and the identity of the documents that really are at issue continues to be an uncertain moving target.

According to plaintiff's submissions, not only did they make no attempt to meet with their opposing numbers or to contact them by phone, they did not provide a certification of their meet-and-confer efforts. (Dkt. #69, at 4). Fed.R.Civ.P. 37(a)(1) clearly requires that they do just that. ("The motion must include a *certification* that the movant has in good faith conferred . . . (emphasis added)). Local Rule 37.2 likewise requires an appropriate certification.[3] *Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 2007 WL 2736681, 1 (N.D.Ill. 2007).

In sum, since there has not been compliance with Local Rule 37.2 and Rule 37(a)(1), and since given the way in which the case has been presented, it is difficult to know exactly what documents are at issue, all three of the parties' discovery motions [Dkt. # 47, 47, 50] are denied without prejudice. Counsel for the parties are directed to meet – not write emails (the two law firms are barely two blocks from one another) – and confer *in good faith* regarding the documents that remain at issue. If they still cannot resolve their differences, before presenting any motion to the court, they must file an enhanced Fed.R.Civ.P. 37(a)(1) certification and Local Rule 37.2 statement. For each disputed document, GAIC must provide a description that comports with Fed.R.Civ.P. 26(b)(5), which requires that the party claiming privilege – who, of course, has the burden to

---

[3] The Rule requires a statement that "recite[s]":

Where the consultation occurred... the date, time and place of such conference, and the names of all parties participating therein... [and] the efforts made by counsel to engage in consultation.

demonstrate that a privilege applies – "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

GAIC's privilege log entries (there have been, by now, multiple versions of the logs and it is difficult to keep track of what's current), in the main, have fallen far short of that requirement. *See, e.g., RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D.Ill. 2013)(vague and generic descriptions are not enough); *Babych v. Psychiatric Solutions, Inc.*, 271 F.R.D. 603, 608 (N.D.Ill. 2010)("Counsel should not expect that the court will substitute its own review for a proper assertion of privilege.").

For each document the parties will then provide a brief statement of their position on its discoverability and the time the parties spent discussing their positions. *See Autotech Tech. Ltd. Partnership v. Automationdirect.Com, Inc.,* 2007 WL 2713352 (N.D.Ill. 2007). In other words, the parties must demonstrate that they truly complied, in good faith, with the federal and Local Rule. Only then will any future discovery motions be considered.

## CONCLUSION

For the forgoing reasons, the defendant's motion for a protective order [Dkt. # 44], and plaintiffs' motions to compel production of certain documents [Dkt. # 47] and to compel defendant and its third party agents to produce documents improperly withheld [Dkt. # 50] are all DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/11/14